UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROD HARRIS,<br><br>             Plaintiff,<br><br>   v.<br><br>R.J. REYNOLDS VAPOR COMPANY,<br><br>             Defendant. | Case No. 15-cv-04075-JD<br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 44 |

In this putative consumer class action, plaintiff Jerod Harris seeks injunctive relief and damages for defendant R.J. Reynolds Vapor Company's ("RJRV") allegedly deceptive, unfair, and unlawful sales of VUSE electronic cigarettes in California. Dkt. Nos. 1 & 25. RJRV moved to dismiss on several grounds under Federal Rule of Civil Procedure "12(b)," without specifying the appropriate subsection. Dkt. No. 44. The Court construes the motion under Rule 12(b)(6) and dismisses the complaint with leave to amend to state claims that are not derivative of Proposition 65.

**BACKGROUND**

Harris filed an initial complaint on September 8, 2015, alleging violations of the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.* ("CLRA") and the deceptive and unfair prongs of California's Unfair Competition Law, Business and Professions Code § 17200, *et seq.* ("UCL"). The claims were based on RJRV's alleged failure to disclose or warn of the presence of carcinogenic chemicals in aerosols produced by VUSE electronic cigarettes, particularly formaldehyde and acetaldehyde. Dkt. No. 1 ¶¶ 18, 53-80. He alleged that RJRV misrepresented its products in the course of advertising and marketing in his UCL claim for deceptive practices. *Id.* ¶ 56. Harris requested damages and injunctive relief "requiring Defendant to place clear and reasonable warnings on the packaging of the Products that use of the Products

1   exposes the user to formaldehyde and acetaldehyde, chemicals known to the State of California to
2   cause cancer." *Id.* at 14-15.

3   On the same day that the complaint was filed, Harris sent out Proposition 65 notices in
4   compliance with California Health & Safety Code section 25249.7(d) and California Code of
5   Regulations, title 27, section 5903(b). Dkt. No. 25 ¶ 28. The parties later stipulated to the filing
6   of an amended complaint and Harris filed an amended complaint on November 20, 2015, adding a
7   new claim under the unlawful prong of the UCL for express violation of Proposition 65. Dkt.
8   Nos. 15 and 25 ¶¶ 61-67. RJRV moves to dismiss the amended complaint on the grounds that: (1)
9   Harris failed to comply with Proposition 65 notice requirements before filing his initial complaint;
10  (2) the Court should defer to a pending FDA final rule on electronic cigarettes on the basis of
11  primary jurisdiction; and (3) Harris lacks standing to pursue both injunctive relief and reliance
12  claims. Dkt. No. 44 at 3, 6, 11. The first ground is dispositive and the Court does not consider the
13  other arguments at this time.

## DISCUSSION

### I.  Legal Standard

A complaint will survive a Rule 12(b)(6) motion to dismiss when it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating a motion to dismiss, the Court must assume that the plaintiff's factual allegations are true and must construe all reasonable inferences in his favor. *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002). But the Court will not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation omitted).

### II. Proposition 65 Notice Requirements

A private plaintiff may sue under the warning section of Proposition 65 only after he has provided a 60-day notice of the alleged violation and a certificate of merit to the alleged violator,

2

the California Attorney General, and the district attorney, city attorney, or prosecutor in each jurisdiction where the alleged violation occurred. Cal. Health & Safety Code § 25249.7(d)(1). The notice requirements are intended to encourage the resolution of disputes without litigation and give the Attorney General an opportunity to discourage the filing of frivolous suits. *Sciortino v. Pepsico, Inc.*, 108 F. Supp. 3d 780, 788-89 (N.D. Cal. 2015). To these ends, California courts strictly enforce the notice requirements and hold that defective notice cannot be cured retroactively. *Id.* at 790 (citing *DiPirro v. Am. Isuzu Motors, Inc.*, 119 Cal. App. 4th 966, 975 (2004); *In re Vaccine Cases*, 134 Cal. App. 4th 438, 457 (2005)). A plaintiff cannot sidestep these requirements by trying to use the UCL or CLRA to plead around a claim that would be barred under Proposition 65. *Cel-Tech Commc'ns. v Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999). A defective Proposition 65 claim should be dismissed with prejudice. *Sciortino*, 108 F. Supp. 3d at 790.

There is no dispute that Harris failed to comply with Proposition 65 notice requirements prior to filing his initial complaint. Dkt. No. 25 ¶ 28. The question before the Court is whether the claims asserted in Harris's initial complaint "are entirely derivative of an unspoken Proposition 65 violation, or whether they assert claims independent of Proposition 65." *Sciortino*, 108 F. Supp. 3d at 792. Harris says that the complaint alleges nondisclosure and failure to warn of substances not regulated by Proposition 65, Dkt. No. 47-1 at 6-7, and that his initial complaint alleges a failure to disclose formaldehyde and acetaldehyde independent of a failure to warn under Proposition 65, *Id.* at 6-8.

These arguments are unconvincing. Harris makes no adequate allegation about any substances other than formaldehyde or acetaldehyde. The single passing reference to "high concentrations of ultrafine particles," Dkt. No. 1 ¶ 18, is far too cursory to state a plausible independent claim under the UCL and CLRA for fraudulent omissions or failure to disclose. *Twombly*, 550 U.S. at 570.

Harris also has not adequately alleged "material omission claims" for formaldehyde or acetaldehyde information "irrespective of Proposition 65." Dkt. No. 47-1 at 5. A duty to disclose a Proposition 65 listed chemical may arise independent of Proposition 65 if a plaintiff identifies a

3

legal duty beyond the omission of the required health-warning label.  *See Sciortino*, 108 F. Supp. 3d at 794 (finding an independent duty when plaintiff alleged specific misrepresentations of 4-MeI levels in public statements and a duty to disclose the presence of 4-MeI levels "irrespective of Proposition 65, including, *e.g.,* in its advertising and public statements."); *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1183-85, n.3 (S.D. Cal. 2015) (finding an independent cause of action when the plaintiff expressly disclaimed any Proposition 65 violation and briefly mentioned a Proposition 65 safe harbor level in the original UCL and CLRA claims.)  But the original complaint makes clear that the legal duty to disclose was predicated solely on the failure to warn under Proposition 65.  *See* Dkt. No. 1 ¶¶ 1-3, 9, 23, 26-28, 57, 64, 73.

Harris seeks to fill in the gaps in his case by asking the Court to take judicial notice of two documents that purportedly show independent misrepresentations by RJRV.  Dkt. No. 34 (Exhibit 1, "Frequently Asked Product Related Questions" on RJRV's website; Exhibit 2, FDA Memorandum re: Summary of Write-in Campaigns to Submissions).  A court generally looks only to the face of the complaint when ruling on a motion to dismiss, but may consider certain documents attached to the complaint, incorporated by reference, or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).  Courts may not take judicial notice of facts that are subject to reasonable dispute.  Fed. R. Evid. 201(b); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

Harris did not attach or incorporate by reference either the Product FAQ or FDA memorandum to the initial complaint.  The website Product FAQ is not a document whose relevance and authenticity is uncontested.  *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).  RJRV argues that the FAQ document is missing key disclaimer language from the website and that Harris has also not alleged when, or if, he encountered the particular language on the website before filing the complaint.  Dkt. No. 46 at 2-3.  Judicial notice is denied.  The FDA memorandum is arguably appropriate for judicial notice because it is an administrative agency summary of public information from a government website.  Fed. R. Evid. 201(b)(2).  But because it summarizes comments, rather than undisputed facts, the Court will not take notice

beyond the fact that it exists, which does nothing helpful for Harris's argument. *Lee*, 250 F.3d at 689-90.

## CONCLUSION

The amended complaint is dismissed with leave to amend. Harris may allege facts sufficient to state a claim independent of Proposition 65. The Court is advised that the FDA issued Final Rule on e-tobacco products effective as of August 8, 2016. FDA Tobacco Products Final Rule, 81 Fed. Reg. 28,974 (May 10, 2016) (codified at 21 C.F.R. pts. 1100, 1140, 1143). Harris should be cognizant of the rule as he considers an amended complaint. If Harris chooses to amend, the complaint is due by **October 31, 2016.**

**IT IS SO ORDERED.**

Dated: September 30, 2016

JAMES DONATO
United States District Judge