UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROD HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>R.J. REYNOLDS VAPOR COMPANY,<br><br>    Defendant. | Case No. 15-cv-04075-JD<br><br>**ORDER RE MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

This motion challenges under Federal Rule of Civil Procedure 12(b)(6) the second amended complaint ("SAC") by plaintiff Jerod Harris against defendant R.J. Reynolds Vapor Company ("RJRV") for deceptive and unfair practices in the marketing and sale of VUSE electronic cigarettes in California. Dkt. No. 61. The prior complaint was dismissed with leave to amend for failure to comply with the presuit notice requirements of California's Proposition 65. RJRV seeks dismissal of the SAC on a number of grounds. The Court took oral argument on the motion, Dkt. No. 65, and now dismisses the SAC with leave to amend.

## BACKGROUND

As detailed in the Court's prior dismissal order, Dkt. No. 60, Harris filed an initial complaint on September 8, 2015, alleging violations of the Consumers Legal Remedies Act, California Civil Code Section 1750, *et seq.* ("CLRA") and the fraudulent and unfair prongs of California's Unfair Competition Law, Business and Professions Code Section 17200, *et seq.* ("UCL"). The gravamen of the complaint was that RJRV failed to disclose or warn of the presence of carcinogenic chemicals in aerosols produced by its VUSE electronic cigarettes, particularly formaldehyde and acetaldehyde. Dkt. No. 1 ¶¶ 18, 53-80. On the same day that the complaint was filed, Harris sent out Proposition 65 notices in compliance with California Health

and Safety Code Section 25249.7(d) and California Code of Regulations, Title 27, Section 25903(b). Dkt. No. 25 ¶ 28. The parties later stipulated to the filing of an amended complaint, which Harris filed on November 20, 2015, adding a new claim under the unlawful prong of the UCL for violation of Proposition 65. Dkt. No. 15; Dkt. No. 25 ¶¶ 61-67.

RJRV moved to dismiss that complaint because Harris had not satisfied Proposition 65's presuit notice requirement. Dkt. No. 44; *see* CAL. HEALTH & SAFETY CODE § 25249.7(d)(1). The Court granted the motion with leave to amend. Dkt. No. 60. In the pending SAC, Harris alleges two claims for deceptive and unfair business practices under the UCL and one claim for violation of the CLRA. Dkt. No. 61. These claims state that RJRV knew but did not disclose to consumers that the vapor from the VUSE products contains formaldehyde, acetaldehyde, ultrafine particles and other harmful substances. *Id.* ¶¶ 1, 77, 84; Dkt. No. 63 at 1.

RJRV moves to dismiss the SAC on the grounds that (1) the claims predicated on a duty to disclose or alleged misrepresentation are not adequately pleaded; (2) the non-disclosure claims are preempted by the Tobacco Control Act and the FDA's regulation of e-cigarettes; and (3) Harris lacks standing to simultaneously pursue reliance-based claims and claims for injunctive relief. Dkt. No. 62. The first ground is enough to dismiss, and the Court does not reach the other two.

**DISCUSSION**

As an initial matter, UCL and CLRA claims that sound in fraud, as these do here, must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). The parties have chosen to debate the sufficiency of the complaint under the more forgiving standards of Rule 8 and the plausibility tests in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because the SAC does not meet even this lenient standard, Rule 9(b) need not be addressed. Plaintiffs are advised to have an eye on it should they amend again, as they will be allowed to do.

For the UCL and CLRA, Harris says RJRV should have but failed to disclose the presence of carcinogens and other toxins, including ultrafine particles, in the aerosol consumers inhale when using the VUSE products. Dkt. No. 61 ¶¶ 27-35. Harris does not allege a statutory duty to

disclose, and so the existence of a duty on RJRV's part turns on several circumstances under California law, namely whether the defendant: (1) has a fiduciary relationship with the plaintiff; (2) has exclusive knowledge of material facts not known to the plaintiff; (3) actively conceals a material fact from the plaintiff; or (4) makes partial representations but also suppresses some material facts. *See Smith v. Ford Motor Co.*, 749 F. Supp. 2d. 980, 987 (N.D. Cal. 2010) (citing *LiMandri v. Judkins*, 60 Cal. Rptr. 2d 539, 543 (Cal. Ct. App. 1997))**.**

The SAC does not state enough facts to plausibly allege a duty to disclose. In an apparent response to the prior dismissal order, Harris insists that the SAC does not rely in any way on Proposition 65 for the existence of the duty, but the allegations continue to highlight the lack of carcinogen warnings on RJRV's products. *See* Dkt. No. 61 ¶¶ 39-55. This effectively recasts violations of Proposition 65 as violations of the UCL or CLRA, which the Court has already determined will not do. Dkt. No. 60 at 3-4. The basis of RJRV's duty must be independent of Proposition 65.

Harris suggests that an independent basis can be found in RJRV's exclusive knowledge of the negative health effects of its vaping products. Dkt. No. 61 ¶¶ 33, 76, 87, 97. But the second amended complaint cites published studies that identify and discuss potential health risks. *Id.* ¶¶ 21, 26 n.18. This undercuts any claim of exclusive knowledge. *See In re NJOY, Inc. Consumer Class Action Litigation*, 14-cv-00428-MMM, Dkt. No. 119 at *31 (publication of an FDA study on the presence of harmful toxins in NJOY's e-cigarettes defeats allegation of exclusive knowledge.). In addition, as the SAC acknowledges, RJRV expressly disclosed to consumers that VUSE products are tobacco products, and that "no tobacco product is safe or without risk." Dkt. No. 61 ¶ 37.

Harris's reliance on active concealment to state a plausible claim is also unpersuasive. He says that "it can be inferred from [RJRV's] membership in the industry group CORRESTA that RJRV actively concealed and failed to disclose the presence of toxic chemicals and ultrafine particles . . . contained in the aerosol inhaled by its Products' users" because the purpose of this group was to conduct rigorous product testing. Dkt. No. 63 at 5; *see also* Dkt. No. 61 ¶ 24. That inference is not at all obvious or unavoidable, and in any event a "mere nondisclosure does not

3

constitute active concealment." *Herron v. Best Buy Co. Inc.*, 924 F. Supp. 2d 1161, 1176 (E.D. Cal. 2013) (and cases cited therein). The SAC does not offer any facts showing that RJRV actively or affirmatively hid or suppressed any risks associated with the VUSE products.

Harris suggests that RJRV made a misleading partial disclosure by warning consumers only of nicotine risks. *See* Dkt. No. 63 at 5. But as the SAC itself acknowledges, RJRV also made the broader disclosure that VUSE products are a "tobacco product, and no tobacco product is safe or without risk." Dkt. No. 61 ¶ 37. While it is true that RJRV did not spell out all the chemicals in VUSE vapor, RJRV's identification of VUSE as a tobacco product that was neither safe nor risk free hardly amounts to a misleading partial statement. The diseases and health injuries caused by tobacco consumption have been widely disseminated for decades in public health campaigns. An exhaustive disclosure of all the chemicals and risks associated with tobacco products is not necessary to ensure that a consumer was on notice that the VUSE products were unsafe and risky. It is simply not plausible to contend that RJRV partially concealed anything in disclosing that its VUSE products are tobacco products.

This same point undermines the plausibility of Harris's express misrepresentation claims. Harris says that RJRV's representation that its products involve "vapor, not smoke" could mislead a reasonable consumer into believing they were safe. *See* Dkt. No. 61 ¶ 37. Specifically, Harris alleges:

> Some of Defendant's marketing materials state that the Products are a "tobacco product, and no tobacco product is safe or without risk." However, Defendant simultaneously makes representations regarding the Products that make it appear to reasonable consumers that the Products do not in fact qualify as "tobacco products," including:
> - "VUSE products produce vapor, not smoke. They do not burn tobacco, but rather, heat liquid containing nicotine derived from tobacco."
> - "VUSE products do not produce tobacco smoke. 'Smoking'

4

or 'smoke' specifically means the burning of a lighted cigarette, cigar, pipe, or any other matter or substance that contains a tobacco product."

- "VUSE products do not contain actual tobacco. However, the nicotine in VUSE is derived from tobacco."

Dkt. No. 61 ¶ 37 (citations omitted).

These allegations are insufficient for the same reasons the partial representation allegations fail. RJRV disclosed that VUSE produces nicotine and is a tobacco product. A consumer cannot plausibly claim that RJRV misrepresented VUSE to consumers as risk free and safe.

## CONCLUSION

The motion to dismiss is granted. Harris may file an amended complaint by **September 22, 2017**, that is consistent with this and the prior dismissal order. Because that will be Harris's third amended complaint, further amendment is highly unlikely to be permitted.

**IT IS SO ORDERED.**

Dated: August 23, 2017

JAMES DONATO
United States District Judge

5